GEORGE MOGG AND MYRTLE MOGG, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25151. Promulgated August 18, 1950.

*Bert D. Bradley, Esq.,* for the petitioners.
*Clarence E. Price, Esq.,* for the respondent.

### OPINION.

OPPER, *Judge:* Petitioners contest so much of a deficiency of \$1,048.93 in income taxes for 1945 as results from the disallowance of a deduction of \$961.97 as taxes paid. The sole issue is whether payment of real estate taxes out of the proceeds of a tax foreclosure sale of property formerly owned by petitioners entitles them to the deduction in controversy. All of the facts have been stipulated.

The stipulated facts are hereby found. The stipulation practically in full is as follows:

1. Petitioners are husband and wife whose residence at the time of filing the return involved herein was 3112 Ludlow Road, Shaker Heights, Ohio.

2. The petitioners' income tax return for the year 1945 was filed with the Collector of Internal Revenue for the 18th District of Ohio \* \* \*.

3. The taxes in controversy are income taxes for the calendar year 1945. The Commissioner, in his determination, disallowed three items as deductions in the amounts of \$3,823.19, \$128.91 and \$114.34, as explained on page 2 of the notice of deficiency. The petitioner is only contesting the disallowance of the amount of \$3,823.19 and concedes that the other two amounts should be properly treated as not being deductible under Rule 50 computation.

4. The item of \$3,823.19 claimed as deduction by petitioner arises in relation to property located on Brecksville Road, Independence, Ohio. This property consists of ten acres of land which petitioners acquired in 1926 at a cost of \$12,000. The title to the land was taken in the name of Myrtle Mogg.

5. Real estate taxes and assessments on the property were delinquent for all the years from 1933 up until foreclosure proceedings in the year 1945.

6. Foreclosure action was started by the Prosecuting Attorney of Cuyahoga County on behalf of John J. Boyle, County Treasurer in Common Pleas Court of Cuyahoga County, being Case No. 545,284, entitled JOHN J. BOYLE, County Treasurer of Cuyahoga County v. MYRTLE MOGG, ET AL.

7. In February, 1945, the Court's Journal Entry was made in the case foreclosing the defendant's (petitioner's) equity of redemption and ordering the property sold. * * *

8. The property in question was sold by the Sheriff of Cuyahoga County on the 9th day of April, 1945, to Joseph J. and Eleanor Sejd for the sum of $4,010.00.

9. Subsequently $3,823.19 was paid to John J. Boyle, County Treasurer, by the Sheriff of Cuyahoga County from the proceeds of said sale, and said John J. Boyle, County Treasurer issued a receipt for taxes in the amount of $3,823.19. * * *

10. Of these taxes in the amount of $3,823.19, $961.97 were general taxes and the balance was special assessments for improvements such as sewer, roads, and water.

11. In the petitioners' income tax return for the year 1945 * * * the petitioners claimed a long-term capital loss in the sum of $3,901.59, arrived at as follows: Cost of the property $12,000.00, less sale price of $4,010.00 plus cost of sale $186.81, balance $7,803.19; fifty percent thereof $3,901.59. $1,000 of this amount was claimed against ordinary income and the balance carried over to subsequent years.

12. Petitioners also claimed as a deduction for taxes paid the sum of $3,823.19.

13. The Commissioner, in his determination, disallowed the amount of $3,823.19 as a deduction for taxes.

Petitioners now concede that all but the $961.97 of general real estate taxes were properly disallowed.

Running through the cases dealing with deductible items is the concept that an obligation to make the payment is essential. *Helen B. Sulzberger*, 33 B. T. A. 1093, 1099. If there is not a personal liability, then at least some such equivalent must be found as a charge against the taxpayer's property. *Martin Thomas O'Brien*, 47 B. T. A. 561.

Neither requisite is shown here. There is no claim that petitioners were personally liable for the delinquent taxes, and since they had already lost the property by foreclosure when the payment was made, the taxes cannot be said then to have been a charge or incumbrance against any property they owned or had an interest in. Taxes may have been paid out of the proceeds of the sale of the property. But they cannot by the most strenuous effort of the imagination be said to have been petitioners' taxes.

*Harold M. Blossom*, 38 B. T. A. 1136, upon which petitioners principally rely, is an instance of the classic line of cases. The headnote alone is enough to show that it was the payment of interest for which petitioners were liable which rendered it deductible. There was no doubt as to payment there, as there would not be here if it were relevant. The missing element is liability; the taxes paid must be those of petitioners. This we cannot find to be disclosed by the present record.

·     *Decision will be entered for the respondent.*